```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

IN RE:
SOUTHWEST FLORIDA HEART GROUP, PA,
                    Debtor.
_____

LOUIS X. AMATO,

                    Appellant,

vs.                                Case No.   2:06-cv-678-FtM-29
                                   Bankr. No. 9:05-bk-17167-ALP
                                   Adversary No.  9:06-ap-418-ALP

HENDERSON, FRANKLIN, STARNES and
HOLT, P.A., GUY E. WHITESMAN,

                    Appellees.
_____

## OPINION AND ORDER

     This matter comes before the Court on consideration of the Trustee's Motion to Withdraw Reference of Adversary Proceeding No. 06-418 (Doc. #1-3) and Motion to Strike or, in the Alternative, Response in Opposition to Henderson Franklin's "Consent" to Motion to Withdraw Reference of Adversary Proceeding No. 06-418 (Doc. #1-5), filed in District Court on December 22, 2006.  Henderson Franklin Starnes & Holt P.A. and Guy Whitesman (Henderson Franklin & Whitesman) filed a Legal Memorandum Supporting Consent to Motion to Withdraw Reference of Adversary Proceeding No. 06-418 (Doc. #1-4) and Memorandum of Law in Opposition to Plaintiff's Motion to Strike or, in the Alternative, Response in Opposition (Doc. #1-6).

As a preliminary matter, the Court will exercise its discretion and deny the motion to strike and construe the document as a reply to Henderson Franklin & Whitesman's response.

I.

On September 15, 2006, the Trustee filed a Complaint for Damages against Henderson Franklin & Whitesman. On or about October 5, 2006, the Bankruptcy Court entered an Order Confirming Second Amended and Restated Chapter 11 Liquidating Plan in the underlying bankruptcy case. The Confirmation Order appointed the Trustee herein as the Distribution Agent. The Complaint for Damages alleges professional liability (breach of duty), deepening insolvency (breach of fiduciary duty), breach of fiduciary duty, avoidance of preferential transfers, and avoidance of fraudulent transfers. On December 13, 2006, the Bankruptcy Court denied Henderson Franklin & Whitesman's motion to dismiss as to Counts I, III, IV, and V; granted the motion as to Count II without prejudice to the Distribution Agent (the Trustee) to assert theories set forth in Count II as additional damages in support of the remaining counts; acknowledged the withdrawal of the claim pursuant to 11 U.S.C. § 548(a)(1)(A) without prejudice to pursue other claims in Count V and the 11 U.S.C. § 548(a)(1)(A) claim if supporting evidence arises through discovery; and acknowledged the withdrawal of claims in Counts IV and V as to Whitesman only if an affidavit was filed satisfactory to the Distribution Agent that Whitesman received no portion of the monies described in Counts IV and V. On

March 6, 2007, Henderson Franklin & Whitesman filed the Affidavit of Guy Whitesman.

The Trustee seeks a limited withdrawal of the adversary proceeding reference for the purposes of having the undersigned conduct the jury selection and jury trial.  Henderson Franklin & Whitesman consent to the motion for this purpose but object to the Bankruptcy Court maintaining the reference for all pre-trial matters.  After the motions were filed with the District Court, a Case Management and Scheduling Order (Doc. #7) was entered by Bankruptcy Judge Catherine Peek McEwen setting the Final Pretrial Conference before Bankruptcy Judge Alexander L. Paskay and the jury trial before the undersigned for the July 2007 trial term.

**II.**

The parties agree that the proceeding is not subject to mandatory withdrawal but is subject to permissive withdrawal.  Henderson Franklin & Whitesman argue that the interests of judicial economy and consistency would be best served by a complete withdrawal of the reference.  The adversary proceeding is primarily non-core, although some core proceedings are involved.

In the Middle District of Florida, bankruptcy cases are automatically referred to the Bankruptcy Court.  The automatic reference may be withdrawn, however, under certain circumstances:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines

> that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

28 U.S.C. § 157(d). The "cause" requirement set forth in 28 U.S.C. § 157(d), while not defined in the statute, "is not an empty requirement." In re Simmons, 200 F.3d 738, 741 (11th Cir. 2000)(citing In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991)). Although the Eleventh Circuit Court of Appeals has not yet articulated criteria for determining "cause," possible factors include the goals of advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process. Parklane, at 536 n.5 (citing Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992 (5th Cir. 1985)).

The Trustee has allocated funds for these proceedings; is acting on behalf of the debtor; and anticipates continuing litigation with creditors in the Bankruptcy Court. It is clear that some of the claims in the Complaint are core proceedings and the proper administration of the bankruptcy is an important goal, even post-confirmation. It is equally clear, that the Bankruptcy Court is in a position to address the related non-core matters. Henderson Franklin & Whitesman argue that the District Court handling both pre-trial and trial matters would "establish familiarity with the District Court Judge", however, the parties

are mistaken as to the procedures in district court.  As a standard practice, pursuant to 28 U.S.C. § 636(a) and (b) and Middle District of Florida Local Rule 6.01, all preliminary and discovery matters are handled by the Magistrate Judge.  As such, by withdrawing the reference as to all proceedings, the parties would still appear before two judges.  The Court finds that both judicial resources, due to the heavy civil and criminal caseloads in the Fort Myers Division of the Middle District of Florida, and the parties' resources would best be conserved by maintaining preliminary matters in bankruptcy court.  The Bankruptcy Court is familiar with the proceedings and the parties can clearly address all pre-trial matters more efficiently therein.  It is equally clear that the Trustee, on behalf of the debtor, is entitled to a trial by jury and the District Court is better equipped to handle that aspect of the proceeding.

Accordingly, it is now

**ORDERED**:

1.  The Trustee's Motion to Withdraw Reference of Adversary Proceeding No. 06-418 (Doc. #1-3) is **GRANTED** and the adversary proceeding reference is withdrawn only as to the jury trial and jury selection.  All pre-trial matters shall otherwise be handled by the Bankruptcy Court.

2.  The Trustee's Motion to Strike (Doc. #1-5) is **DENIED** and the document is construed in the Alternative as a Response in

Opposition to Henderson Franklin's "Consent" to Motion to Withdraw Reference of Adversary Proceeding No. 06-418, or Reply.

**DONE AND ORDERED** at Fort Myers, Florida, this  26th  day of March, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Alexander L. Paskay
Clerk, Bankr. Ct.
Counsel of record